## Blanchard *against* The Commonwealth.

6 w 309
150    18

6 W   309
19 SC ²263

The orphans' court, upon the confirmation of the real estate of an intestate to the heir, may exercise their jurisdiction over advancements, and adjust the sum due to each heir: and this having been done in an action on the recognizance, the decree would be conclusive upon the subject of advancements. But if there be no adjudication on that subject, and the heir to whom the land was decreed, enter into one recognizance in a gross sum, conditioned for the payment, to the other heirs, of their respective shares, in an action upon that recognizance for the use of one of the heirs, the defendant may show that the plaintiff was fully or partially advanced.

In an action brought for the use of another, it is not competent for the defendant to prove that the transfer was obtained by fraud.

ERROR to the common pleas of *Luzerne* county.

This was an action of debt upon a recognizance in the orphans' court. The Commonwealth, in right of David Brooks and Hetty his wife, for the use of William Goodwin against Jeremiah Blanchard and Frederick Wagoner.

Jeremiah Blanchard the elder, having died intestate, there was a writ of partition and valuation of his real estate awarded by the orphans' court. The inquest found that the estate could not be divided among all the heirs, and valued it at 2224 dollars, "and find the value of a tenth part of the real estate of which the intestate died seised, being the part of the said estate to which each of the children of the said intestate is entitled, to be 222 dollars 40 cents," &c. This inquisition was confirmed on the 3d of August 1818. Afterwards, on the 11th of August 1818, Jeremiah Blanchard, the defendant, elected to take the estate at the valuation, and it was decreed to him by the court upon his entering into a recognizance with Frederick Wagoner, or his surety, in the penalty of 4000 dollars, "upon condition that Jeremiah Blanchard shall, within one year from the return and confirmation of the inquisition and valuation of the estate, pay to the several heirs of the deceased their distributive shares of the estate, according to the valuation thereof in the inquisition mentioned, with the interest." The plaintiff gave in evidence a transfer by David Brooks and Hetty his wife, who was one of the heirs, of their interest secured by the said recognizance, to William Goodwin.

The defendants then offered to prove, under the plea of payment, with leave, &c., that upon the 30th of January 1804, Jeremiah

[Blanchard v. The Commonwealth.]

Blanchard the elder, the father of the defendant, made, by deed, an advancement to his daughter Hetty Brooks, the plaintiff, consisting of a certain tract of land in Pittston, containing about one hundred and fifty acres, and then worth upwards of 300 dollars: that the said Hetty subsequently and there fter sold and disposed of the said property, and that her grantees have since enjoyed the same to the present time. And they offer to prove further, that at the time William Goodwin obtained the assignment of the right of the said Hetty, under which he brings the present suit, he well knew and understood this fact, and represented to Hetty Brooks, who has resided out of the state of Pennsylvania since the year 1804–5, that the said advancement above referred to, was in full of her share of the real estate of her said father, and that all, that would be coming to her, would be about 11 or 12 dollars, arising from the personal property, and that this was all that was in any way due, from her said father's estate, to her. That under this representation he paid 10 dollars to the said Hetty Brooks, and at the time agreed, as a further part of the consideration of said transfer, that he never would sue or distress the said Jeremiah under such claim, during his, the said William Goodwin's lifetime. And the defendants further offer to show the admissions of the said Hetty Brooks, long previous to the execution of said assignment to William Goodwin, that she had received from her father, in his lifetime, an advancement in hand, more than equal to the share that otherwise would have been coming to her from her said father's estate. And the defendants further offer to show various facts and circumstances, going to prove that the said William Goodwin was guilty of gross fraud in obtaining the assignment given in evidence by him, as obtained from David Brooks and Hetty his wife; and that he never did pay any thing but 10 dollars to the said Brooks for said assignment.

All and every part of which the said defendants offer as a whole and in detail. To which plaintiff's counsel objected. The court sustained the objection, overruled the evidence, and sealed a bill of exceptions.

The rejection of the evidence was the error assigned.

*Conyngham*, for plaintiff in error, cited *Purd. Dig.* 404, 414; 5 *Rawle* 213; 8 *Serg. & Rawle* 133; 16 *Serg. & Rawle* 12; 1 *Serg. & Rawle* 503; 4 *Watts* 170; 14 *Serg. & Rawle* 183; 2 *Penns. Rep.* 333.

*Wright*, for defendant in error, cited 4 *Yeates* 102; 5 *Serg. & Rawle* 155; 5 *Serg. & Rawle* 65; 2 *Penns. Rep.* 533; 3 *Penns. Rep.* 19 ; 10 *Johns. Rep.* 297.

The opinion of the Court was delivered by

GIBSON, C. J.—The orphans' court has undoubted jurisdiction of

[Blanchard v. The Commonwealth.]

advancements, and its decree would be conclusive in an action on the recognizance; but it is not bound to exercise it, nor would it be convenient in practice or conducive to justice to do so. Consistently with habits so migratory as are those of our people, it would be difficult, if not impossible, to bring all the parties before the court, or even to serve them with notice; and questions of fact requiring the intervention of a jury would so frequently arise as to render the determination of them on feigned issues, exceedingly troublesome. For these reasons, perhaps it is, that we have no trace of its exercise. In some parts of the state, it is true that it has been the practice to take a separate recognizance to each child; but as the costs were necessarily rendered oppressive by it where there were many distributees and several purchasers or acceptants of distinct parts of the estate, it has been generally, if not universally, abandoned. In Alexander *v.* Ramsey, 5 *Serg. & Rawle* 338, the recognizances were multiplied by it to the exorbitant number of four hundred and eighty. Where the sum due to each has been thus awarded, but without an adjustment of advancements, it might be a grave question whether it could be decreased in a suit on the recognizance, which has much of the solemnity of a judgment, especially as the parties had an opportunity of demanding that advancements should be brought into hotchpot before the balances were definitively struck. The acceptant would certainly not be entitled to the exclusive benefit of the deduction, if one were made; and it is not easy to see how the other children might benefit by it, as they could recover no more on their recognizances than the sum specified in the condition of each. We, however, intimate no opinion on that, as no such difficulty is presented here, the shares being secured in a gross sum by a general recognizance to the commonwealth as a trustee, with condition to pay the children their proportions of it, and the amount coming to each being consequently left, subject to questions of advancement for future adjudication by a jury. By deducting advancements under this general form of security, the shares of the others may be correspondently increased; a facility that gives it an advantage, in point of convenience and justice, over every other that has been employed. But the condition is to pay according to the valuation of the inquest, who have, in this instance, assumed a right to determine the amount of the shares; and hence an argument that the condition is to pay to each the amount of the sum specified in the inquisition. Whatever be the power of the court in that particular, it was not, and could not be delegated to the inquest, whose office was to appraise the thing and not the interests of the children in the purchase money. Their specification of the shares, therefore, goes for nothing; and the condition to pay according to the valuation is to be understood as predicated of the gross amount. If, then, the child in whose right suit is brought, has been advanced, there must be a correspondent deduction; and if it appear that she has had her full

[Blanchard v. The Commonwealth.]

share of the entire estate, she will stand deprived of the character of a child entitled to distribution, and consequently of a title to sue for herself or another, on the recognizance. The evidence of advancement ought, therefore, to have been received; but the evidence of fraud in procuring a transfer of the claim, was irrelevant and inadmissible.

Judgment reversed, and a *venire de novo* awarded.