# Hamilton *versus* Brown.

1. In an action on articles of agreement, brought in the name of the legal party for the use of another, it is not competent for the defendant to controvert the validity of the transfer of the instrument on which the suit was brought.

2. In such an action if the assignee show a right in the legal plaintiff, he need not show any right in himself.

3. In an action of covenant on articles of agreement between two persons for the sale of land, the suit being brought against the vendor, in the name of the vendee *for the use of another* who claimed under an assignment of the articles made several years before the institution of the suit, it was shown that *several years* before suit brought, the vendee had notified the vendor not to make deed to the assignee, and it appeared that *in the year before suit brought,* the vendor had delivered to the vendee a deed for the land; it was *Held* that the *cestui que use* could not recover against the vendor, who had complied with his covenant by conveying to the vendee;—whatever remedy the *cestui que use* had was against the vendee, from whom he claimed.

ERROR to the Common Pleas of *Venango county.*

This was an action of covenant, brought in 1848, by Davis, in the name of Jeremiah Brown, for the use of William Davis *v.* Chauncey Hamilton. The damages were laid at $1000. An article of agreement under seal was entered into, on 28th Sept. 1833, between Hamilton and Brown, by which Hamilton agreed to convey to Brown 50 acres of donation tract No. 458, in Venango county, to be taken off the south end and west side of the tract, as shall best suit when surveyed, for the consideration of $125. When the consideration was paid or arranged, Hamilton was to give to Brown a deed for the land.

The article of agreement was assigned by Brown to Davis, by a written assignment, under seal, on a separate paper, and dated 27th April, 1837. It appeared that a dispute existed between Brown and Davis, and that several years before this suit was brought, *Brown had given notice to Hamilton not to make a deed to Davis.* Hamilton had 50 acres surveyed, agreeably to his view of the article of agreement, and executed and delivered a deed to Brown; the deed was dated 6th Sept. 1847, and was de-

[Hamilton *v.* Brown.]

livered to Brown on the same day. This was before the institution of this suit. Brown, after receiving the deed, had an application made to Davis for the balance of his claim against Davis, and had an offer made to him of the deed, if his claim was paid; or that, if Davis desired it, the deed might be surrendered to Hamilton, and a deed from Hamilton to Davis executed. The demand of Brown was for $25, and interest for ten years. Davis refused to pay the claim, and no other deed was made.

In answer to one of several points, the Court charged, if Brown assigned his right under the agreement to Davis, and Hamilton had notice of the assignment, and the jury believe that all the purchase-money was paid to Hamilton, and Davis was in possession of the land, that, in the absence of fraud, Hamilton would be bound to convey to Davis, and that any notice, afterwards, by Brown to Hamilton, not to make the deed to Davis, would not protect Hamilton, in equity, from obligation to make the deed to Davis; and further, that if Davis was in equity entitled to the deed, then the deed offered in evidence was of no avail, and did not excuse Hamilton from making a deed to Davis for the land mentioned in the contract. The Court further charged, that if a verdict be rendered for the plaintiff, it be for such sum as will make it the interest of defendant to execute the deed, to be released on making the deed within such time as the jury may designate.

A conditional verdict was rendered for the plaintiff for $1500, damages.

Error was assigned to the answers and the charge.

*A. McCalmont* and *Myers*, for plaintiff in error.

There was error in entering judgment for an amount greater than the damages laid in the *narr.*: 9 *Barr* 164, Dennison *v.* Leech.

In an action brought for the use of another, it is not competent for the defendant to prove that the transfer was obtained by fraud: 6 *Watts* 309, Blanchard *v.* Commonwealth.

A person for whose use suit is brought need show no right in himself. All that is necessary is to show the legal plaintiff's right to recover: 6 *Watts* 238, Montgomery *v.* Cook.

Davis being in possession of the land, and a deed having been made by C. Hamilton to Brown, the title by virtue of the assignment vested in Davis. Davis had, therefore, before he commenced his action, all that he was entitled to, and he could obtain no more in a suit in the name of Brown for his use.

*Purviance*, for defendant in error.

The opinion of the Court was delivered Oct. 6, by

BELL, J.—The Court below fell into the error of converting a

[Hamilton v. Brown.]

strictly legal action into an equitable remedy, and that, too, for a purpose to which even a chancellor would scarcely give effect. It was forgotten that the instrument sued on is a mere personal contract, affording a formal remedy to none but the parties to it, or their legal representatives. Unlike a covenant running with an estate in land, which gives to an assignee a right to sue as a party to it, the covenant to make a conveyance is not assignable at law, nor will equity regard the assignee, further than, at his instance, to enforce the remedy and perfect the rights derived by the assignor under it. For the same purpose, a Court of law will take notice of the derivative title; but so little does this enter into the remedy, that it is not even necessary that the assignee's name should appear in the proceedings; nor will the defendant be permitted to controvert the validity of the transfer: Blanchard v. Commonwealth, 6 *Watts* 309. An assignee need show no right in himself; it is enough if he show a right in the legal plaintiff, for it is this right alone that can be enforced: Montgomery v. Cook, 6 *Watts* 238. This is true of all assignments of *choses in action*, and in covenant is demonstrable from the form of the pleadings, which furnish the best test for determining the extent of the remedy. In stating his complaint, the plaintiff must set forth the covenant either in the words of the deed, or according to its legal effect, and aver its breach in the negative of the terms employed in the covenant. To this, although in this action there is no general issue, the usual reply is covenants performed; thus presenting the point of the controversy, to which, of course, the proof is to be confined. In the present instance, a *narr.* properly formed would set out Hamilton's undertaking to make a deed to Brown, and aver its breach by a refusal of the covenantor to execute and deliver the instrument to the covenantee, after performance, or a proffer to perform the precedent undertakings assumed by the latter. Admitting the sealing of the deed, and the precedent performance, the reply must be an assertion that the conveyance was made, or proffered to be made, according to the exigencies of the covenant. Now, it is obvious, that under this issue, the only inquiry would be whether the original vendor had made or offered to make to the first vendee such a conveyance as is contemplated by his contract? If the evidence answered this affirmatively, the contest would necessarily be at an end; for in covenant the only aim is to recover damages for a violation of the contract. As this is familiar, I was curious to see how the plaintiff below had stated his cause of action, in order to avoid the difficulty springing from the conceded fact, that, before suit brought, Hamilton had conveyed to Brown, with notice to Davis; a fact which must have been negatived in any proper form of pleading. On consulting the record, I found the plaintiff, after setting out the covenant, had averred the assignment to Davis, and for breach

assigned the refusal of the defendant to make a conveyance to the assignee; a thing he had never undertaken to perform. Such an assignment of breach was radically defective, and an entire departure from the covenant set out, and exposed the declaration to demurrer. And yet, it was the only way in which the assignee could state his real cause of complaint, which was, not of a violation of the vendor's undertaking, for that had been literally complied with, but of something beyond the contract. But even supposing the defendant had been guilty of laches or other wrong towards Davis, it is impossible to perceive how he can avenge it in an action, strictly founded on the contract with Brown, and intended solely to vindicate it. The utmost that Davis could claim was to have the covenant enforced. The right to insist on this was all he took under the assignment. It operated to put him in the shoes of the assignor; and as the latter could only claim to sue for a refusal to convey *to him*, the former can challenge no right beyond this. This, I think, would have been apparent to the learned judge before whom the cause was tried, had he not been seduced by the idea that he could so mould the action of covenant as to do ultimate justice among all the parties having an interest under the contract. The argument was, that as the assignee is entitled to have a conveyance of the land, his suit may be treated as a bill in equity for specific performance, without which he must fail of the final object. But even with us, the action of covenant is inadequate to work such a result in all cases. Admitting that in this form, and by means of a conditional verdict, the immediate vendor and vendee may compel payment of purchase-money and the making of a conveyance, it does not follow that third persons, not parties to the covenant, can use it for such a purpose. For the reasons already mentioned, a proper respect for the congruity of the action forbids it; for though we may administer equity through the medium of common law forms, we cannot do so by a violation of all form, to say nothing of the sacrifice of substance. Besides, why should the original vendor, who has undertaken nothing but to convey to his purchaser, be thrust between the latter and the second vendee, as a party to their quarrels? Why should he, after performing all he assumed, be compelled to undergo the trouble, vexation, and costs of a lawsuit, because others, not he, are in default? How is he to determine whether the assignor's notice that the second purchaser has not paid all he engaged to pay, or a contrary assertion by the latter, be true; and why should he be compelled to attempt it at his own hazard? In the instance before us, it is clear Hamilton could not have recourse to Davis, to compel Brown's performance, and yet the remedy on the covenant must be mutual. If action does not lie for one, it cannot for the other.

In addition to these considerations, which might be multiplied,

there is no necessity for shifting this form of action to cover a case not contemplated by the parties when their mutual covenants were made, and, from its very nature, unsuited to compel the result sought.   The deed having been made in good faith to Brown, he is invested with the legal title, and the purchaser from him may compel him to convey it by suit, if a common law action be efficacious for such a purpose.   Why then sue Hamilton, with whom he has no agreement?   Brown offers to convey to Davis, if the latter will comply with his engagements.   Why is not this offer accepted by showing he has complied, in a suit to be brought for that purpose, if necessary?   Indeed it is scarcely to be thought a chancellor, having all the parties before him, would do more than this.   Upon the exhibition of a conveyance from the first vendor to his vendee, made in pursuance of their agreement, he would certainly be satisfied with decreeing a conveyance from the vendee to the last purchaser, upon the latter showing that he had discharged the precedent covenants.   To say nothing of legal propriety, it strikes us as extremely unjust to hold the defendant, under penalty of the verdict rendered here, to the performance of an act he never undertook to perform, especially after the notice he received.

Judgment reversed.