## Citizens' Trust and Surety Company, Appellants, v. Howell.

*Contract—Assignment—Performance.*

A contract may be assigned so as to vest in the assignee the equitable rights to the proceeds, although the money may not have been due, or his part of the contract performed by the assignor at the time of the assignment.

An assignment is valid in equity as an agreement, and takes effect as an assignment when the demands intended to be assigned are subsequently brought into existence.

*Principal and surety—Contract—Bond—Assignment.*

In an action against a surety company on a bond given to the plaintiff, a trust company, as surety for the performance of a contract of a builder, where the statement shows that the builder had defaulted and that the plaintiff had caused the work to be finished and paid the bill therefor through the use plaintiff, the defendant cannot on demurrer allege as a defense that as the bond did not contain the words " successors and assigns," the surety was discharged by reason of the assignment of the bond to the use plaintiff.

*Contract—Arbitration clause—Right of trial by jury.*

If the parties to a contract provide that any dispute which may arise

between them, in reference to the subject-matter of the contract, shall be determined by a person therein named, whose decision shall be final, the parties cannot seek redress elsewhere until the person so chosen has been discharged by having made an award, or otherwise. But in order to oust the jurisdiction of the court, it must clearly appear that the subject-matter of the controversy was within the prospective submission. The right of trial by jury is not to be taken away by implication.

Where a bond is given to a corporation without reference to its successors or assigns, for the faithful performance of a contract of a builder, an arbitration clause in the contract does not apply to a dispute as to whether the bond could be assigned.

Argued Oct. 10, 1901. Appeal, No. 38, Oct. T., 1901, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 847, for defendant on demurrer in case of the Citizens Trust and Surety Company to the use of the Union Surety and Guaranty Company v. Lewis O. Howell, Jr., and the National Surety Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Demurrer to statement.

McMICHAEL, J., filed the following opinion:

The suit is upon a bond given by Lewis O. Howell, Jr., of Philadelphia, as principal, and the National Surety Company, a corporation under the laws of the state of New York, as surety to the Citizens' Trust and Surety Company. The conditions of the obligation are: " Whereas, the above bounden principal, Lewis O. Howell, Jr., has entered or is about to enter, into a certain contract with the above named obligee, a copy of which contract is hereto attached and hereby referred to and made a part hereof, as fully and to the same extent as if copied at length herein. Now, if the above bounden principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said principal kept, done and performed, at the times and in the manner in said contract specified, and shall pay over and make good and reimburse to the above named obligee all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal, then this obligation shall be null and void; otherwise, to be

and remain in full force and effect; Provided, however, and this bond is executed by the National Surety Company (hereinafter called the company) as surety, upon the following express conditions, which shall be the conditions precedent to the right of the above named obligee to recover hereunder:

" 1. The obligee shall keep, do and perform each and every, all and singular, the matters and things set forth and specified in said contract, to be by the obligee kept, done and performed at the times and in the manner in said contract specified.

" 2. If, at any time, the above named principal shall in any manner fail, neglect or refuse to keep, do or perform any matter or thing, at the time and in the manner in said contract set forth and specified to be by said principal kept, done or performed, the obligee shall so notify immediately the company in writing, by registered letter, prepaid, addressed to the company at its principal offices in the city of New York.

" 3. All moneys specified in said contract to be withheld by the obligee until completion of the work shall be paid to the company.

" 4. If at any time, it appear that the above named principal has abandoned the work or will not be able, or does not intend, to carry out or perform the contract, the obligee shall so notify the company in writing, by registered letter, prepaid addressed to the company at its principal offices in the city of New York, and the company shall have the right, at its option, to assume such contract and to sublet or complete the same, and all moneys due or to become due thereafter, under said contract, including percentages agreed to be withheld until completion shall, as the same shall become due and payable under the terms of said contract, be paid to the company and the company if it so elect, shall be subrogated to all the rights of said principal.

" 5. The obligee shall, before paying to the principal any installments coming due under said contract, require the principal to produce receipted bills for all labor done and materials furnished in, for and about the work in said contract specified ; and should the principal fail, neglect or refuse to produce such receipted bills, the obligee shall immediately so notify the company in writing, by registered letter, prepaid, addressed to the company at its principal offices in the city of New York, and

shall, upon demand, pay to the company all moneys which would have been due and payable to the principal had the principal produced such receipted bills.

" 6. The failure, neglect or refusal of the obligee to keep strictly observed and fully performed each and every, all and singular, the matters and things hereinbefore stipulated and agreed to be done, kept or performed by the obligee at the times and in the manner specified, shall relieve the company from all liability under this bond.

" 7. No action, suit or proceeding shall be had or maintained against the company upon this bond, unless the same be brought and commenced within six months, after the date fixed in said contract for the completion of the work : Provided, however, that if, during such six months, any matter necessary to be considered in determining the liability of the company hereunder be involved in litigation in the courts, and the obligee so notify the company in writing, by registered letter prepaid addressed to the company at its principal offices in the city of New York, the time in which such action, suit or proceeding may be brought shall be extended to sixty days after the termination of such litigation."

The statement alleges, inter alia, as follows : " For lawful consideration, the bond in suit was assigned, to wit : on April 11, 1899, to the use plaintiff, the Union Surety and Guaranty Company." And in an amendment to the statement it is averred :

" 4. The said Howell, for more than ten days prior to and on August 14, 1899, quit work and failed to go forward and finish the contract, and the work which the plaintiff caused to be done was necessary and proper to determine the damages suffered by plaintiff by reason of the said default of said defendants in not finishing said work by January 1, 1900."

Various causes for demurrer are assigned, but the principal cause is that the bond of suretyship is not assignable as against the said National Surety Company without its assent, and such assent has not been averred. It will be noticed by an inspection of the bond that the National Surety Company is held and bound unto the Citizens' Trust and Surety Company, and that the words "assigns" or "successors" is not used ; and further, the conditions of the bond are not only that the principal, Lewis O. Howell, Jr., shall keep and perform the matters and

things set forth in a contract said to have been entered into between the Citizens' Trust and Surety Company and Howell, but also the obligee, that is, the Citizens' Trust and Surety Company, is bound to perform certain matters and things. "If the principal fails, etc., in performance, the obligee shall immediately so notify the company, in writing, by registered letter, prepaid, addressed to the company at its principal offices in the city of New York."

" All moneys specified in said contract to be withheld by the obligee until the completion of the work shall be paid to the company."

" If, at any time, it appear that the above named principal has abandoned the work or will not be able or does not intend to carry out or perform the contract, the obligee shall immediately so notify the company, in writing, by registered letter, prepaid, addressed to the company at its principal offices in the city of New York, and the company shall have the right at its option, to assume such contract and to sublet or complete the same, and all moneys due, or to become due thereafter, under said contract, including percentages to be withheld until completion, shall as the same shall become due and payable under the terms of the said contract, be paid to the company, and the company if it so elect shall be subrogated to all the rights of said principal."

" The obligee shall, before paying to the principal any instalments coming due under said contract, require the principal to produce receipted bills, . . . . and should the principal fail, neglect or refuse to produce such receipted bills, the obligee shall immediately so notify the company in writing," etc.

And then follows a condition, that " the failure, neglect or refusal of the obligee to keep, strictly observe, and fully perform each and every, all and singular, the matters and things hereinbefore stipulated and agreed to be done, kept or performed by the obligee, at the times and in the manner specified, shall relieve the company from all liability under this bond."

It will be seen by an inspection of the bond as here pointed out, that the obligation of the defendant, the National Surety Company of New York, was not simply an obligation to pay money upon the failure of performance by Howell, but the payment of the penal sum of the bond or any part of it was also

conditioned on the performance by the obligee, the Citizens' Trust and Surety Company, of certain conditions on its part. Such an obligation was not, we think, assignable without the consent of the Surety Company, because the National Surety Company may have relied, and probably did rely, upon their confidence in and knowledge of the Citizens' Trust and Surety Company in giving this bond.

If the breach by Howell had occurred before the assignment, the averment in the statement by the plaintiff that it in every respect complied with the conditions mentioned in said bond, etc., might have been sufficient in law; but by the amended statement the plaintiff avers under oath that the failure of performance by Howell occurred subsequent to the date of the assignment of the bond to the use plaintiff, because it is averred in the statement that the bond was assigned on April 11, 1899, and it is averred in the fourth paragraph of the amended statement as follows: " The said Howell for more than ten days prior to and on August 14, 1899, quit work and failed to go forward and finish said contract, and the work which plaintiff caused to be done was necessary and proper to determine the damages suffered by plaintiff by reason of the said default of said defendants in not finishing said work by January 1, 1900." It seems to us that the bond upon which suit has been brought, and which, being a solemn contract and agreement by the parties, is the law of the case, does not give to the plaintiff, the Citizens' Trust and Surety Company, the right to bring a suit to the use of the Union Surety and Guaranty Company against the National Surety Company for the nonperformance by the obligator, Howell, of work, said nonperformance being alleged to be subsequent in date to the assignment of the bond by the Citizens' Trust Company to the Union Surety Company, because by such assignment the Citizens' Trust Company put it out of its power to comply with and keep faithfully the conditions set forth at length above, for the failure to keep which the bond became null and void.

Very many cases have been cited to us on general principles. The nearest case among those cited is that of Janes v. Benson, 155 Pa. 489, but none of the cases are exactly in point. The determination of the plaintiff's right as set forth in its statement and amended statement depends upon the careful consid-

eration of the bond given by Howell and the National Surety Company to the Citizens' Trust and Surety Company, and we think that the right to recover on that bond depends upon the compliance of the Citizens' Trust and Surety Company to certain conditions, which they have put without their power to comply with by the assignment of the bond. We think there is no power in the instrument itself to substitute another obligee without the consent of the surety, the National Surety Company, and that the assignment by the Citizens' Trust and Surety Company to the Union Surety Company was an attempt to substitute another company in their place and stead, and that this cannot be done without the assent of the National Surety Company.

The demurrer is sustained and judgment is entered for the defendant.

*Error assigned* was in sustaining the demurrer.

*David Jay Myers*, for appellant.—The transfer of the bond on April 11, 1899, did not substitute a new obligee and place beyond the power of the plaintiff the ability to perform the condition of the bond: Penna., etc., R. R. Co. v. Harkins, 149 Pa. 121; East Lewisburg Lumber & Mfg. Co. v. Marsh, 91 Pa. 96; Story's Eq. Juris. sec. 1040; Bispham's Eq. sec. 165; Phila., etc., R. R. Co. v. Woelpper, 64 Pa. 366; Hamilton v. Brown, 18 Pa. 87; Montgomery v. Cook, 6 Watts, 238; Blanchard v. Com., 6 Watts, 309; Saeger v. Runk, 148 Pa. 77.

*Howard W. Page*, with him *S. Davis Page*, for appellee.— The surety was discharged by the assignment of the bond: Birckhead v. Brown, 5 Hill. 634; Barns v. Barrow, 61 N. Y. 39; Myers v. Edge, 7 T. & R. 254; Gorgon v. School District, 4 Colo. 53; Barnett v. Smith, 17 Ill. 565; Taylor v. McClung, 2 Houston (Del.), 24; Bensinger v. Wren, 100 Pa. 500; Janes v. Benson, 155 Pa. 489.

Where parties to an executory contract agree that all disputes, arising in relation thereto, shall be first submitted to the arbitrament of one or more persons named, they are bound by the terms of the submission and cannot seek redress elsewhere

until the person or persons so chosen have been discharged by having made an award, or otherwise: Gowen v. Pierson, 166 Pa. 258; Hartupee v. Pittsburg, 97 Pa. 108, 119; Hostetter v. Pittsburg, 107 Pa. 419.

*David Jay Myers,* for appellants, in reply.—A reference of all matters in controversy is confined to the particular claims recited in the agreement: Scott v. Barnes, 7 Pa. 134; Lauman v. Young, 31 Pa. 306.

OPINION BY RICE, P. J., February 14, 1902:

This was an action upon a bond given to the Citizens' Trust and Surety Company by Lewis G. Howell, Jr., as principal, and the National Surety Company, as surety, conditioned for the performance by Howell of a certain contract entered into by him, and for the reimbursement of the Citizens' Surety Company for all loss or damage which it might sustain by reason of the failure or default of Howell. The bond provided, as conditions precedent to the right to recover thereunder, that certain things should be done by the obligee. These were specified in five paragraphs which are quoted in the opinion filed by the learned judge of the court below, and need not be repeated here. The sixth paragraph reads as follows : " The failure, neglect or refusal of the obligee to keep, strictly observe, and fully perform, each and every, all and singular, the matters and things hereinbefore stipulated and agreed to be done, kept or performed by the obligee, at the times and in the manner specified, shall relieve the company" (meaning the National Surety Company), " from all liability under this bond." Performance by the obligee of its obligations and nonperformance by Howell are thus alleged in the statement of claim: " And the plaintiff avers that it in every respect complied with the conditions mentioned in said bond and Howell agreement. The said Howell neglected and refused to complete said work as he had agreed, of which neglect and refusal the said defendants received notice according to the terms of said Howell agreement and of the said bond, and the said National Surety Company thereafter, although requested by said plaintiff so to do," (and as the National Company had reserved the right at its option to do), " also neglected and refused to complete the same, whereupon the said bond

became in default and the said plaintiff, at the request of the said National Surety Company, caused the said work upon the houses to be properly finished, and paid the bills therefor through the use plaintiff."

The National Company demurred, basing its two principal causes of demurrer upon the fact alleged in the statement that the Citizens' Company assigned the bond to the Union Surety and Guaranty Company, the use plaintiff, on April 11, 1899. It is argued, that it is fairly to be implied from the fact that the bond does not run to the assigns of the obligee and from the nature of the conditions to be performed, that the National Company reposed a personal confidence in the Citizens' Company, and became surety relying upon its knowledge of, and confidence in, that company, and, therefore, the latter could not, without the assent of the National Company, transfer the right and duty of performance to another. This was the view taken by the learned judge below, and if not as to all, at least as to some of the conditions, the correctness of this view may be conceded. But the court went further and held, that by assigning the bond the Citizens' Company put it out of its power to perform its obligations, and thereby discharged the National Company. This, it seems to us, gives to the assignment an effect not warranted, in view of the fact admitted by the demurrer, namely, that the Citizens' Company fully complied with all the conditions mentioned in the bond, and that after Howell's default and the refusal by the National Company to exercise its option to complete the work, the Citizens' Company caused it to be completed. The terms of the assignment are not expressly averred in the statement of claim, nor is it necessary that they should be in an action brought by and in the name of the original obligee as legal plaintiff, where full performance by him of conditions precedent to be performed by him is alleged. See Blanchard v. Commonwealth, 6 Watts, 309, Montgomery v. Cook, 6 Watts, 238, and Hamilton v. Brown, 18 Pa. 87. It is well settled that a contract may be assigned so as to vest in the assignee the equitable right to the proceeds, although the money may not have been due, or his part of the contract performed by the assignor, at the time of the assignment. "It is often done by builders and other contractors to enable them to procure the materials necessary to fulfill their contracts. This was the

case in Sett v. Morris, 4 Simons, 607, in which the assignment was held good : " Philadelphia v. Lockhardt, 73 Pa. 211. See also, East Lewisburg Lumber and Mfg. Co., 91 Pa. 96. Such an assignment " is valid in equity as an agreement, and takes effect as an assignment when the 'demands intended to be assigned are subsequently brought into existence : " Ruple v. Bindley, 91 Pa. 296. So far as at present appears, this was the entire effect of the assignment, and we will not volunteer discussion of questions which might have arisen if the case had gone to trial and a different state of facts had been shown. We fully recognize the principle, that, as the surety can only be charged when the case is brought within the very term of his contract, the obligee cannot be permitted, without the assent of the surety, to enter into any arrangement which has the effect of varying the terms of the contract and extending or enlarging the liability of the surety, or which deprives him of the benefit he contemplated from the character, credit and substance of the person, whether natural or artificial, with whom he contracted. But we do not think it is to be assumed that the effect of the assignment alleged in the plaintiff's statement was to permit the obligee to drop out and to substitute another obligee in its stead. The averment as to the assignment is to be read in the light of the averments as to performance by the original obligee. So construed, it is not to be implied on demurrer that the assignment deprived the Citizens' Company of the right and ability to perform the conditions of the bond, even though it be conceded, which is by no means clear, that it was made before breach. Nor is it to be implied, that as between the Citizens' Company, the original obligee, and the Union Surety and Guaranty Company, the use plaintiff, the former was relieved of the duty to perform. So far as we are at present informed there was no alteration or variation of the terms of the contract and no extension or enlargement of the liability of the surety. We conclude, therefore, that it was error to hold that the surety was discharged.

If the parties to a contract provide that any dispute which may arise between them, in reference to the subject-matter of the contract, shall be determined by a person therein named, whose decision shall be final, the parties cannot seek redress elsewhere until the person so chosen has been discharged by

having made an award, or otherwise. But in order to oust the jurisdiction of the court, it must clearly appear that the subject-matter of the controversy was within the prospective submission. The right of trial by jury is not to be taken away by implication: Lauman v. Young, 31 Pa. 306. As the case is now presented the sole subject of controversy is the effect of the assignment of the bond. So far as now appears there was never any dispute or disagreement as to any other matter. We are of opinion that the submission of that question to the president of the Citizens' Company, the referee named in the Howell and Zane agreement, was not contemplated by the parties to the present suit. Moreover, the demurrer admits the fact, alleged in the statement, that before suit brought the National Company " declined to recognize any liability whatever and to abide by the terms of said agreement and bond." This was a waiver of the reference clause, which became effective to discharge the referee when suit was brought by the other party.

The judgment is reversed, the demurrer is overruled and the record is remitted to the court below with directions to enter judgment for the plaintiff unless other sufficient cause be shown why such judgment should not be entered.