In re WEBB CO.

(District Court, E. D. Pennsylvania. · July 1, 1915.)

No. 4868.

BANKRUPTCY ☞172—RIGHTS OF TRUSTEE—TRANSFERS.

A manufacturer of fire apparatus, contracting with a city to make and deliver fire apparatus subject to inspection and acceptance by the city, assigned the money due from the city under the contract to an assignee in consideration for a loan made or note discounted. The assignee had no notice or reason to suspect the insolvency of the manufacturer. A few days before the bankruptcy of the manufacturer, and while he was insolvent and so known to be by the assignee, the manufacturer transferred to the assignee the apparatus specified in the contract. The assignee took possession as security for the loan. *Held*, that the transfer of the property was void, and the trustee in bankruptcy was entitled to possession thereof, for the assignment did not include a transfer of the apparatus, and the assignee obtained no rights thereunder until the· city inspected and accepted it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 220; Dec. Dig. ☞172.]

In Bankruptcy. In the matter of the Webb Company, bankrupt. Sur petition for review of order of referee adjudging that the trustee in bankruptcy was entitled to certain property. Findings of referee approved, order affirmed, and petition for review dismissed.

Marshall Van Winkle, of Jersey City, N. J., and Arthur G. Dewalt, of Allentown, Pa., for petitioners.

Butz & Rupp, of Allentown, Pa., for trustee.

George W. Aubrey, of Allentown, Pa., for bankrupt.

DICKINSON, District Judge. Statements of the two conventions into which the parties have entered must be preliminarily formulated. One is that the rights of the parties are to be determined without respect to any methods of legal procedure. The other is that these rights are to be found as of the date of bankruptcy, unaffected by what the parties have by agreement since done. A statement of these conventions is necessary in order to eliminate from the cause certain questions which would otherwise arise. Such a statement is further helpful to bring out in clearer relief the real question which is involved in the decision of the cause. A few general facts will suffice to disclose what this real question is.

The bankrupt was a fabricator of fire apparatus. It entered into an agreement to make and deliver to the city of Alhambra, Cal., a fire pump and hose cart, to be delivered at Alhambra, subject to inspection and acceptance. Being in need of funds, the bankrupt had secured from the Merchants' National Bank of Jersey City, N. J., the discount of its paper, payment of which had been demanded by the bank. The bankrupt desired to make another loan, out of which it could pay the loan already made to it. The bank was·unwilling to supply the money without security, and an assignment of contracts upon which there was money due or to become due to the bankrupt was

suggested. The Alhambra contract was of the kind which the parties to this negotiation had in mind.

It is well to pause right here to analyze and appraise the situation. The bankrupt had two things. One was a contract upon which it would be entitled to a sum of money if and when it on its part had complied with the terms and conditions of the contract. This meant that there was no money coming to it unless and until it had delivered the fire apparatus in compliance with its agreement. It had also the fire apparatus, which, for clarity of view, we are assuming it to have completed and have ready for delivery.

It is reasonably clear that in such a position, if the bankrupt had both assigned the contract and had transferred the possession of the apparatus to the bank (there being then no question of insolvency or other legal obstacle in the way of the transfer), the bank could have delivered the apparatus to the purchaser and upon acceptance could have collected the price. If the bank had taken a transfer of the possession of the apparatus alone, without an assignment of the contract, then (under like conditions of the absence of other legal objections to the transfer) the bank would have become the owner of the apparatus and in a proper case could have disposed of it as such and retained the proceeds. If the bank had taken only an assignment of the contract and of the claim of the bankrupt against the city of Alhambra, then it would have taken nothing, or at least nothing which would have been of any avail to it, unless the bankrupt had carried out its agreement of sale.

To pursue the analogue a little further, if the bankrupt had then sold the machine to another purchaser, or it had been levied upon under an execution and sold by process of law, it is obvious that the bank would have received nothing. The referee, under the evidence in this case and the stipulation of the parties, has found that the latter is the position in which the bankrupt is placed. There are several matters of fact in controversy before the bank even reaches the position thus assumed for it. Finding, however, all these preliminary questions in its favor, to wit, that it gave value for what it received, and that there was an assignment in effect made, of which equity can take cognizance, it was nevertheless originally only an assignment of the contract, and did not include a transfer of the physical apparatus which we are assuming to have been completed. An effort was subsequently made to supply this omission by adding to the assignment of the contract a transfer and delivery of the apparatus. This latter transfer, however, was within a few days of the appointment of a receiver and of the petition in bankruptcy, and was made at a time when the Webb Company was manifestly insolvent, and was without other consideration than a pre-existing debt. This transfer of the physical thing was therefore an act which was null and void, and we are remitted to a statement of the position of the bank to be that of simply an assignee of the contract.

This brings us back to a recapitulation of the few simple facts already mentioned and a restatement of the real question before us. Given their utmost effect in favor of the bank, the facts are these:

For value received, in the form of a loan made or note discount, the bank received from the Webb Company, without notice or reason to suspect its insolvency, an assignment of all moneys due to the Webb Company by the city of Alhambra under the contract to which allusion has already been made. The Webb Company had then (by anticipation as an assumed fact) a fire pump and hose cart which it had made. The Webb Company then became insolvent, and in view of and prompted by the bank's knowledge of this insolvency, the bank obtained from the Webb Company a transfer of the pump and hose cart and took possession of them as security for the loan before that time made. The Webb Company shortly afterwards, and well within the period during which transfers are prohibited by the Bankruptcy Act, went into bankruptcy. The trustee took possession of the apparatus, etc., and the question arose between the trustee and the bank to whom the apparatus belonged.

The referee has decided the question in favor of the trustee, and in so doing it must be clear to any one that he was right. Had there been, as part of the original transaction, both an assignment of the contract and a transfer of the thing, accompanied with possession, the title of the bank would have been immune from attack. Delivery of possession in this sense is not necessarily an actual physical possession. It is sufficient if there has been such a delivery of which the subject-matter was reasonably capable. It is clear under the facts in this case that there was neither a transfer of title nor possession. The assignment of the contract itself might involve under certain circumstances and carry along with it a transfer of title and the right to possession of the thing which is the subject-matter of the contract; but the only legal equivalent of such transfer in fact would be such conditions out of which the right of the purchaser to compel a delivery of the thing bargained for arose.

The touchstone by which the existence or nonexistence of this right can be determined is to moot the question:

"Could the city of Alhambra have enforced against the trustee in bankruptcy the delivery of the apparatus, by compelling the trustee to have completed it in compliance with the contract into which the bankrupt had entered?"

To ask this question is under the facts of this case to answer it. The views of the referee have support in the case of Guarantee Co. v. Bank, 185 Fed. 373, 107 C. C. A. 429, 26 Am. Bankr. Rep. 85 (reversing In re Pittsburgh Industrial Iron Works [D. C.] 179 Fed. 151, 25 Am. Bankr. Rep. 221); In re Stiger (D. C.) 202 Fed. 791, 29 Am. Bankr. Rep. 253; Andrews & Co. v. Osborne, 209 Fed. 148, 126 C. C. A. 96, 31 Am. Bankr. Rep. 634; Citizens' Trust Co. v. Howell, 19 Pa. Super. Ct. 255. Some of these rulings are not, however, directly in point under the special facts of the instant case.

The findings of the referee are approved, the order as made by the referee affirmed, and the petition for a review dismissed.