Guaranty Trust & Safe Deposit Co., Appellant, *v.* Powell et al.

*Satisfaction of mortgage—Act of 1887—Assigned estate—Jurisdiction.*

The court has no jurisdiction to decree satisfaction of a mortgage, under the Act of May 25, 1887, P. L. 270, on the petition of a portion of the creditors of an assigned estate. They are not the owners of the mortgaged premises within the meaning of the statutes.

*Legal and equitable owners—Rights and remedies.*

While it is a rule of law in Pennsylvania that the beneficial or equitable owner is regarded as the substantial party in interest and may use the name of the trustee who holds the legal title, without his express consent, yet the recognition of the equitable plaintiff at all is by virtue of the equity powers of the court, and, though exercised under legal forms, is governed by equitable principles. Hence, where the right is to a result and not to the means, where the trust is active, and the trustee has duties dependent on his judgment, and where his trust includes different and perhaps conflicting rights, as in the case of an assigned estate, the court will not apply the rule to a statute intended for an entirely different purpose : Per MITCHELL, J.

Argued May 11, 1892.  Appeals, Nos. 343, 391, Jan. T., 1892, from decrees of C. P. Bedford Co., Sept. T., 1891, No. 79, ordering the satisfaction of a mortgage, under the Act of

May 25, 1887, P. L. 270, on petition of creditors of the assigned estate embracing the mortgaged premises. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

The petition was filed by Geo. M. Brisbin et al., lately trading as the Houtzdale Bank, creditors of the assigned estates of Powel & Co. and Powell, Sons & Co., for the sum of $14,878.40, of which firms plaintiff was assignee. The petition alleged that, on May 1, 1883, Robert Hare Powell, deceased, executed a mortgage for $350,000 to the plaintiff as trustee; that, by the assignment of said firms and of the widow and heirs of Robert Hare Powell, to the plaintiff, the equity of redemption became vested in plaintiff as assignee for petitioners and other creditors; that a dispute had arisen between the parties concerning the amount due on the mortgage; that plaintiff declines to proceed by sci. fa.; praying the court to proceed under the Act of May 25, 1887, to foreclose said mortgage. The answer alleged, inter alia, that petitioners had no standing under the Act of 1887.

The court, BAER, P. J., in an opinion filed, entered a decree directing plaintiff to issue writ; and, subsequently, it appearing that no sci. fa. had been issued, decreed that satisfaction be entered.

*Errors assigned* were decrees (1) notifying defendant to issue sci. fa.; and (2) ordering satisfaction, quoting the decrees.

*William W. Wiltbank* and *John G. Johnson*, with them *John M. Reynolds* and *George B. Orlady*, for appellants.

*James W. M. Newlin* and *Mayer Sulzberger*, with them *Harry Cessna* and *John Cessna*, for petitioning creditors, appellees.

OPINION BY MR. JUSTICE MITCHELL, May 30, 1892.

The petition is, by its express terms, based on the Act of May 25, 1887, P. L. 270. That Act authorizes the court to direct the issue of a scire facias by the holder of a mortgage upon petition of the mortgagor or his legal representative, or the owner of the mortgaged premises. It is in this last capacity that the petitioners claim. The mortgagor was Powel, and his title to the land passed to the appellant as assignee for the

benefit of the creditors of Powel & Co., and Powel's Sons & Co., among which creditors are the present petitioners. In no possible aspect can they be considered as owners of the land within the meaning of the statute.

It is true that in Pennsylvania the beneficial or equitable owner is regarded in law as the substantial party in interest and may use the name of the trustee who holds the legal title without his express consent, and possibly against his consent, though no decision brought to our attention has gone to this extent. Our cases hold that the suit being brought in the name of the legal plaintiff, his right alone is in question, and may be recovered upon or defended against, and the defendant is not permitted to dispute the form of the suit: Montgomery v. Cook, 6 Watts, 238; Blanchard v. Com., 6 Watts, 309; Hamilton v. Brown, 18 Pa. 87; and Ins. Co. v. Smith, 11 Pa. 120. In none of these cases, however, was any question raised as to the right of the legal plaintiff to refuse the use of his name, though it is said *obiter* in Ins. Co. v. Smith, that "the court would not have permitted the trustee to arrest the suit." And it was held in Campbell v. Galbreath, 5 Watts, 423, where an equitable tenant in common brought suit in the name of the trustee, that he should recover the whole of the land on the trustee's title, and the consent of the co-tenants would be presumed. But in Ins. Co. v. Smith, the plaintiff was a mere dry trustee to hold the title to certain stock as collateral security for the payment of a debt due the equitable plaintiff; and in Campbell v. Galbreath the presumption of the co-tenants' consent was explicitly put by Kennedy, J., on the ground that, as the suit was "manifestly an act for their benefit, it is reasonable to presume that it will be approved, ratified and confirmed, if it was not previously authorized." There is no hard and fast rule on the subject. The recognition of the equitable plaintiff at all is by virtue of the equity powers of the court, and, though exercised under legal forms, is governed by equitable principles. Each case as it arises must stand upon its own facts. That the party having the entire and undisputed equitable right should be allowed to control the legal remedy is clear enough, but where his right is to a result and not to the means; where the trust is active, and the trustee has duties dependent on his judgment; and, above all, where his trust in-

cludes different, and perhaps conflicting rights, there can be no general rule, and certainly no short cut by means of a statute intended for an entirely different purpose.

The title to the equity of redemption in the land, the ownership of the mortgaged premises which the Act of 1887 means, is in the appellant, as assignee for the benefit of the creditors of Powel & Co. and Powel's Sons & Co. The creditors are the ultimate distributees of the assets of those firms, but they are in no sense owners of the land. What they have in the aggregate is the right to the net fund resulting from the liquidation of the assigned estate, and what each has individually is a right to an undetermined percentage of such fund when ascertained. There are two firms, and classes of secured and unsecured creditors of each. The petitioners are but a diminutive fraction of one class of creditors, and their rights cannot be determined separately and in advance by a snap judgment in a collateral proceeding. The assignee has duties to all classes of creditors, and must act with due regard to the rights of each. These can only be ascertained and settled by the tribunal having jurisdiction of the assignee and control of its administration of the trust.

Under what circumstances the whole body of the creditors, or even a majority of them, might be entitled to use the assignee's name without its consent, and without first asking the court which has jurisdiction of it to direct it to proceed, we need not discuss. It is sufficient that the statute upon which the petition was founded was not intended or adapted for such a case as this, and the whole proceeding is void for want of jurisdiction.

The order directing satisfaction to be entered on the mortgage is reversed, and the petition dismissed with costs.