Commonwealth to use of State Hospital for the Insane v. County of Philadelphia, Appellant.

*Courts—Jurisdiction of common pleas of Dauphin county—Commonwealth cases—State Hospital for the Insane.*

Under the Act of April 7, 1870, P. L. 57, giving the court of common pleas of Dauphin county extraterritorial jurisdiction in suits in which the commonwealth is plaintiff, the court has no jurisdiction to entertain a case in the name of the commonwealth to the use of the State Hospital for the Insane, Southeastern District of Pennsylvania, against a municipality, for the maintenance of the insane poor, as the commonwealth is not the proper plaintiff, nor is it the real or beneficial party to the action, but the claim is due the hospital, which must sue in its own name.

Argued May 29, 1899. Appeal, No. 25, May T., 1899, by defendant, from judgment of C. P. Dauphin Co., Commonwealth

Docket, 1897, No. 59, on case tried by the court without a jury. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover an amount claimed to be due for the maintenance of insane patients.

The case was tried without a jury before SIMONTON, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in finding for plaintiff.

*James Alcorn*, with him *Leonard Finletter* and *John L. Kinsey*, for appellant.—It is submitted that it is incumbent upon the commonwealth to show its interest or right in the proceedings before it can be a party plaintiff.

In the absence of a statute giving the state of Pennsylvania the right to sue, this action is improperly brought. It is well settled law in Pennsylvania that a municipal corporation can be sued only in the courts of the county where it is situated: Heckscher v. City of Philadelphia, 20 W. N. C. 52; Oil City v. McAboy, 74 Pa. 249; Potts v. City of Pittsburg, 14 W. N. C. 38; Lehigh Co. v. Kleckner, 5 W. & S. 181.

As early as Montgomery v. Cook, 6 Watts, 238, it was held that in a suit to use the equitable plaintiff could recover only upon the strength of the title of the legal plaintiff, and that no right need be shown in the equitable plaintiff: Hamilton v. Brown, 18 Pa. 87.

*Frederick W. Fleitz*, deputy attorney general, and *William F. Solly*, with them *John P. Elkin*, attorney general, for appellee. —We submit that the suit in this case was properly brought, and the court of common pleas of Dauphin county had full jurisdiction over it, under the Act of April 7, 1870, P. L. 57: Com. v. Pa. Slatington & New England R. R. Co., 14 W. N. C. 60; Mahoney Mut. Life Assn. v. Com., 14 W. N. C. 370.

OPINION BY MR. JUSTICE MITCHELL, October 6, 1899:

The principal question is whether the court of Dauphin county had jurisdiction in the case. This depends on whether the suit is really by the commonwealth in its own right, and is properly brought in its name.

The Act of April 7, 1870, P. L. 57, is entitled "An act to enlarge the jurisdiction of the court of common pleas for the county of Dauphin in cases wherein the commonwealth may be party," etc., and section 1 clothes that court "with jurisdiction throughout the state for the purpose of hearing and determining all suits, claims and demands whatever at law or in equity, in which the commonwealth may be the party plaintiff, for accounts, unpaid balances, unpaid liens, taxes, penalties, and all other causes of action, real, personal and mixed." The scope of this act is unsettled. The views of the learned president judge of the court itself, in Com. v. Pa. Slatington & New Eng. R. R. Co., 14 W. N. C. 60, and those of his predecessor reported in Com. v. Wickersham, 90 Pa. 311, 314, are difficult to harmonize. The present claim is for a balance alleged to be due by the county of Philadelphia for the care of its indigent insane, and though it does not come literally within any of the cases expressly enumerated in the act, yet it is probably near enough to an "unpaid balance" to come as ejusdem generis under the words "all other causes of action," if it is in fact money due the commonwealth, legally, or equitably in its own right.

The action is brought in the name of the commonwealth to the use of the State Hospital for the Insane of the Southeastern District of Pennsylvania, and the learned judge below held that as the hospital is a state institution the commonwealth was the proper plaintiff. But this result does not necessarily follow. The hospital was created by the Act of May 5, 1876, P. L. 121, which provided for the appointment of commissioners to select a site and build a hospital and upon completion to "surrender their trust to a board of managers . . . . (who) shall be a body politic or corporate by the name and style of the Trustees of the State Hospital for the Insane of the Southeastern District of Pennsylvania," and shall "manage and direct the concerns of the institution." The authorities having charge of the poor in the counties named are authorized to send the indigent insane to the hospital, and "they shall be generally chargeable with the expenses of the care and maintenance" of such insane. By the Act of June 13, 1883, P. L. 92, the expense was to be equally divided between the counties and the state. Under this legislation the money is disbursed by the trustees in the first instance, they having the whole control of it, the state

appropriations are made sometimes to them by name and sometimes to the hospital (P. L. 1885, p. 115; P. L. 1887, p. 293), and it is inevitably implied that the half expense for which the counties are chargeable is to be repaid directly to them. They are a body corporate and entitled to sue in their own name and their own right. When, therefore, the commonwealth in the present case sues to the use of the hospital, it sues not for money due to it in its legal right, but for money due to the use plaintiff. This is directly contrary to the rule. The right of the legal plaintiff is the only one in issue and the equitable plaintiff must recover on it, if at all: Guaranty Co. v. Powell, 150 Pa. 16. There is no precedent for putting the cart before the horse, by allowing a legal plaintiff, without title of his own, to recover on the title of the plaintiff to use. The commonwealth therefore, is not the proper plaintiff, nor is it the real or ben' icial party to this action, and the case is not within the act of ' 870 giving extraterritorial jurisdiction to the court of Dauphin county.

It was suggested by the learned judge below that the provision of the act of 1876, which declares the managers or trustees a body politic or corporate, is contrary to the prohibition in article 3, section 7 of the constitution as to local or special acts, inter alia, "creating corporations." It is not clear that the trustees of the hospital are a corporation of the prohibited kind rather than a special commission or agency like the commission to build a new capitol lately before this Court (Cope v. Hastings, 183 Pa. 300), but if they are their corporate existence must be attacked directly and not collaterally in a proceeding for a different purpose.

Apart from the objection to the jurisdiction of the court, appellant offered as a defense on the merits of the claim a right to defalk or set off overpayments made in previous years. In reply it is claimed that these were voluntary payments, and that they are barred as a set-off by the statute of limitations. We have not the evidence necessary to enable us to pass on these questions, nor under the view taken as to jurisdiction is it necessary that we should do so. The case was tried upon an agreement as to certain facts, but both parties in their argument refer to other facts outside of it. Thus plaintiff claims that the prior payments were made with full knowledge by the

county commissioners while the appellant claims that they were made upon false statements of the trustees of the hospital as to the cost of maintenance. If the agreement were a case stated all facts not contained in it would be treated as not existing. But it is evident that it was not intended as a case stated, but only as an agreement pro tanto, and the questions depending on the facts of the overpayments cannot be decided without evidence upon all the essential points.

Judgment reversed.