Commonwealth to use, Appellant, v. Schadt.

*Public officers—Bonds—Commissions on liquor license fees—County treasurer—Actions.*

No suit can be brought by a city in the name of the commonwealth to the city's use, on a bond given by a county treasurer for the protection of the commonwealth, where the object of the suit is to recover from the county treasurer commissions on liquor license fees, which are the property of the city. The Act of June 14, 1836, P. L. 637, has no application in such a case.

Argued Feb. 21, 1906. Appeal, No. 25, Jan. T., 1906, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1905, No. 19, on case tried by the court without a jury in suit of Commonwealth to use of City of Scranton v. Charles H. Schadt, August Robinson, O. S. Johnson and E. N. Willard. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a bond. Before EDWARDS, P. J.

The facts are stated in the opinion of the Supreme Court.

The case was tried by the court without a jury.

*Error assigned* was in entering judgment for defendant.

*I. H. Burns*, with him *David J. Davis*, city solicitor, and *H. R. Van Deusen*, assistant city solicitor, for appellant.—This suit was properly brought on the commonwealth bond: Lehigh County v. Gossler, 24 Pa. Superior Ct. 406; Com. v. Phila. County, 193 Pa. 236; Lancaster County v. Hershey, 205 Pa. 343.

*M. J. Martin*, of *O'Brien & Martin*, and *Everett Warren*, of *Willard, Warren & Knapp*, for appellee.—The judgment of the court was right under the following authorities: Guaranty Trust, etc., Co. v. Powell, 150 Pa. 16; Com. v. Philadelphia County, 193 Pa. 236; Philadelphia v. Stewart, 195 Pa. 309; City of Scranton v. Durkin, 109 Pa. 138; Com. v. Toms, 45 Pa. 408; Lancaster v. Frescoln, 192 Pa. 452; Com. v. Hershey, 200 Pa. 306; Evans v. Erie County, 66 Pa. 222.

OPINION BY MR. JUSTICE ELKIN, April 9, 1906:

This is an action brought to recover from a county treasurer certain commissions on liquor license moneys, and is instituted on a bond given for the protection of the commonwealth. The suit was commenced more than six years after the expiration of the term of office of the defendant Schadt. There is no doubt that the commissions belong to the city, and not to the county treasurer. · The court below properly so held under the authority of our cases: County of Schuylkill v. Pepper, 182 Pa. 13 ; Pittsburg v. Anderson, 194 Pa. 172.

The question to be determined on this appeal is whether a suit on a bond given for the protection of the commonwealth can be maintained by appellant in order to recover moneys in which the state has no interest. The learned court below held that the commonwealth had no legal claim to or interest in the license moneys collected by the county treasurer, that these moneys belonged exclusively to the city of Scranton, and that an action to recover same could not be brought on the commonwealth's bond. This is the correct view of the law and the practice in such cases. The state had no interest in the license moneys, and an action cannot be maintained in its name as the legal plaintiff to the use of the city. Commonwealth to use, etc., v. County of Philadelphia, 193 Pa. 236 ; Philadelphia v. Stewart, 195 Pa. 309. In such cases, the right of the legal plaintiff is in issue, and the equitable plaintiff must recover if at all through the legal right: Guaranty Trust, etc., Company v. Powell, 150 Pa. 16.

These authorities rule the case in favor of appellee, but the learned counsel for appellant contend that the Act of 1836, P. L. 639, applies, and is intended to cover this and other similar cases. It is argued that this act applies not only where the liabilities of public officers to the state are involved, but also where there are liabilities to others through the direction of the state. It is contended that liquor licenses are granted by and through the authority of the state, and that the moneys arising therefrom primarily belong to the state, the city only receiving the same as a gratuity, and that the legal right of action is in the commonwealth. The answer to this position is found in Pittsburg v. Anderson, supra. It is true the language of the act of 1836 is broad and comprehensive. It in-

cludes every bond and obligation which shall be given to the commonwealth by any public officer. It does not follow, however, that persons or municipalities having no rights or interests to be protected by the bond can sue out a writ thereon in the name of the commonwealth. This thought is plainly indicated in the second paragraph, wherein it is provided that the parties suing out the writ shall set forth in their declaration the breaches of the condition which shall have been to their particular injury. In other words, the plaintiff who declares on such a bond must set out the breach of the condition on which he relies to recover. This brings us to the inquiry, Was there any breach of the bond to the injury of the equitable plaintiff in this case? The condition of the bond is that the treasurer "shall well and truly and faithfully discharge all the duties enjoined upon him by law in behalf of the commonwealth of Pennsylvania, and shall make payment according to law of all moneys received by him for the use of the said commonwealth." The bond in express terms is conditioned for the protection of the commonwealth, in so far as the treasurer is enjoined by law to discharge a duty to the state and to make payment of all moneys received by him for its use. There has been no breach of either of these conditions. The duty of paying over liquor license moneys to the city of Scranton is not enjoined in behalf of the commonwealth. It is conceded in the case stated that the defendant Schadt paid over to the commonwealth all moneys collected for its use and for which he was accountable to it. There was, therefore, no breach of the bond, and consequently no injury to the equitable plaintiff about which it can complain.

These being our views of the law, it will not be necessary to discuss other questions raised by the assignments of error.

Judgment affirmed.