## Reis *v.* McDevitt, Appellant.

*Mortgage—Default—Scire facias clause—Time.*

Where a scire facias clause in a mortgage provides that if default be made of principal or interest or any part thereof, when due and payable for the space of thirty days, the whole of said principal, debt and interest unpaid shall then become due and payable forthwith, the whole principal debt and interest does not become due, and no suit for their recovery can be instituted until the expiration of thirty days from the date specified for their payment.

*Practice, C. P.—Parties—Contract—Assumption of payment of municipal liens and taxes.*

Where a purchaser of real estate agrees to assume payment of certain municipal liens and county taxes, and also the payment of a mortgage on the land, but fails to do so, the seller in an action against the purchaser to recover for breach of contract cannot join as plaintiffs in the action the municipality and the county to which the unpaid liens and taxes are due.

Argued Oct. 28, 1907.   Appeal, No. 29, Oct. T., 1907, by defendant, from order of C. P. No. 3, Allegheny Co., Aug. T., 1905, No. 793, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles Henry Reis, Administrator c. t. a. of the Estate of Henry Reis, deceased, and Charles Henry Reis, Administrator c. t. a. of the Estate of Henry Reis, deceased, for the use of J. Erastus McKelvy, the County of Allegheny and Wilkinsburg Borough v. Mary McDevitt.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Assumpsit for breach of contract.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*A. W. Duff*, with him *H. E. Carmack*, for appellant.

*W. Clyde Grubbs*, for appellee.

OPINION BY MR. JUSTICE ELKIN, January 6, 1908 :

The learned court below on the pleadings entered judgment for want of a sufficient affidavit of defense.   This appeal challenges the correctness of that ruling.   The proceeding is out of the ordinary and somewhat unusual.   The administrator of the estate of the decedent, Reis, has brought an action of assumpsit to recover not only an alleged balance due the estate of said decedent, secured by a mortgage not yet due, but in addition thereto claims the right in this single action to include the amount of the McKelvy mortgage, certain municipal liens

in favor of the borough of Wilkinsburg, and taxes due the county of Allegheny. In other words, the appellee stands as the legal plaintiff, claiming to recover certain moneys for the use of the three parties last named. The right to thus proceed is predicated upon the following statement of facts: In his lifetime Reis, the decedent, conveyed to the appellant an undivided one-half interest in certain real estate for a consideration of $5,500. At the time of the conveyance the property was subject to the lien of a mortgage held by McKelvy, amounting to $2,650, payable in two equal annual installments, which said mortgage appellant assumed to pay as part of the consideration for her undivided one-half interest in said property. The borough of Wilkinsburg had entered ·municipal liens for improvements made during the time Reis owned the property, and in addition taxes were due the county of Allegheny and unpaid. At the time of the conveyance the exact amount of the liens and taxes had not been ascertained, but it was estimated to be about $1,100. Appellant paid in cash $823.50, and agreed to give her mortgage for the balance due Reis, which would be the difference between the purchase price and the amount paid, and assumed to be paid, as hereinbefore stated. Her undertaking to do all these things was evidenced by an agreement in writing bearing even date with the execution and delivery of the deed. The municipal liens were entered and the county taxes levied against Reis, the then owner of the property, who was primarily liable for their payment. At a subsequent date ·appellant assumed the payment of ·the municipal liens and taxes, and executed a mortgage on her undivided half interest in the property in the sum of $1,000, with the understanding that she should receive a credit upon said mortgage for the excess, if the total amount of the McKelvy mortgage assumed by her, the hand money paid, and the municipal liens and taxes, together with the mortgage thus executed by her, exceeded $5,500, the purchase price agreed upon. According to the terms of the agreement the mortgage executed by appellant was made payable, one-half in three years and one-half in four years, with interest from September 28, 1904, the date of. the deed. This suit was brought August 2, 1905, on one ground, among others, as contended, that there was a breach of the covenant contained in the agree-

ment whereby appellant assumed to pay the McKelvy mortgage according to its terms. The breach relied on to show default in payment is set out in the amended statement of claim in the following language, to wit: " And also refused to pay the first installment of $1,320, with interest upon the whole of said principal debt due under the terms of said mortgage upon the 29th day of July, 1905, by reason whereof the whole of said mortgage has become due and payable." We cannot read this language to mean anything else than that the default relied on in the pleadings was the failure to pay the installment of mortgage due and interest accrued on July 29, 1905. It is so stated in express language, and the case having been decided upon the record as it stood the parties are bound thereby. The mortgage contained a scire facias clause which provided that in case of default being made in the payment of principal or interest, or any part thereof, when due and payable for the space of thirty days, the whole of said principal debt and interest unpaid shall then become due and payable forthwith. In other words, the mortgagee could not proceed to collect the whole principal debt and interest until thirty days from the date when either the interest or principal was due. Failure to pay the installment due July 29, 1905, would not give the mortgagee the right to collect the whole principal sum and interest due until thirty days thereafter. It seems clear, therefore, that this suit having been instituted four days after the first installment became due, was prematurely brought. The answer of the learned counsel for appellee is that the interest due on the mortgage January 29, 1905, had not been paid, and that appellant was in default in thirty days after that date, but it is not so alleged in the statement of claim, nor does it appear in the record that the semiannual interest due at that time had not been paid.

Again, the appellee, under the facts of the present case, cannot maintain an action as legal plaintiff for the use of the borough of Wilkinsburg and the county of Allegheny. The right of the legal plaintiff is the only one in issue, and the use plaintiff must recover on that right, if at all : Guaranty Trust, etc., Co. v. Powell, 150 Pa. 16 ; Com. v. Philadelphia County, 193 Pa. 236 ; Com. v. Schadt, 214 Pa. 592. It was said by the present chief justice in Guaranty Co. v. Powell : " There is

no precedent for putting the cart before the horse by allowing the legal plaintiff, without title of his own, to recover on the title of the plaintiff to use." This is precisely what was done in the case at bar. The county of Allegheny and the borough of Wilkinsburg are the legal plaintiffs entitled to the sums due for municipal liens and taxes. The administrator of the estate of the decedent, the appellee here, can in no proper sense be considered a legal plaintiff under the facts of the present case. The estate of the decedent has no legal right to the municipal claims or the county taxes. An entirely different question might arise if, in point of fact, the decedent, Reis, or his administrator, had actually paid the amount of the municipal liens and county taxes. Under such circumstances he could recover the money so paid on the express promise of appellant to pay such sum or sums as a part of the consideration for the property purchased by her. In such event, however, neither the borough nor the county would have any direct interest in the controversy, because the amount due these municipalities would then have been paid. Moreover, it is perfectly clear that neither the county nor the borough are in any way affected by the contract entered into between the decedent and appellant. It was within their power to have proceeded to collect the amount of the municipal liens and taxes in the regular and orderly way prescribed by the statutes.

We therefore hold that the suit was prematurely brought; that the parties have been improperly joined; that the judgment in the court below was improvidently entered, and that this action in its present form cannot be maintained. Our decision in this case must not be understood to in any way affect the legal rights of the parties to be determined by proper proceedings in the future.

Judgment reversed.