# Markee et al. *v.* Philadelphia, Appellant.

*Partnership—Contractor—Payment to partner—Waiver.*

1. A contractor with a partnership is not obliged to make payment to any of the firm, if each denies the right of every other member to have it, but may wait until claim is made by some one representing all the partners, or they have settled their differences and agreed to whom payment shall be made.

2. They and the firm, of which they were the only members, are estopped from asserting, even if it is true, that the contractor could safely deliver the warrant to either partner.

*Principal and surety—Completion of contract by surety—Settlement.*

3. Where it is provided that in case of default the surety may complete a contract and final settlement be made with it, the other party may make such settlement whether or not the contractor consents thereto.

*Partnership—Receivers—Rights of receiver—Action.*

4. Where action is brought in the name of a firm and subsequently its receiver is substituted as plaintiff, his rights rise no higher than those of the firm.

Argued March 28, 1921.   Appeal, No. 423, Jan. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1918, No. 2048, on verdict for plaintiffs, in case of William T. Markee and William C. Watson,

trading as Markee & Co. v. City of Philadelphia.  Before
FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.
Reversed.

Assumpsit for moneys alleged to be due on contract.
Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,912.61.  De-
fendant appealed.

*Errors assigned* were various instructions, quoting
them, and refusal of defendant's motion for judgment n.
o. v., quoting record.

*Wm. M. Stewart, Jr.,* Assistant City Solicitor, with
him *Harry T. Kingston,* Assistant City Solicitor, and
*David J. Smith,* City Solicitor, for appellant.—The city
controller was justified in refusing to deliver the war-
rant without a joint order from the partners after said
partners through their counsel had directed the same
not to be delivered to the other partner: Yeager v. Wal-
lace, 57 Pa. 365; Guillou v. Peterson, 89 Pa. 163; Feig-
ley v. Sponeberger, 5 W. & S. 564; Adams v. Cook, 200
Pa. 268.

*G. von Phul Jones,* for appellees, cited: Huntingdon,
etc., R. R. v. McGovern, 29 Pa. 78; Whelen v. Boyd, 114
Pa. 228; Pittsburgh Steel Foundry Co. v. Steel Co., 223
Pa. 430; Selz, Schwab & Co. v. Cohn, 19 Pa. Dist. R. 662;
Huffman Farm Co. v. Rush, 173 Pa. 264; Brown v. Gray,
17 Pa. Superior Ct. 563.

OPINION BY MR. JUSTICE SIMPSON, April 18, 1921:

On April 2, 1913, plaintiffs entered into a contract
with defendant for the construction of certain sewers,
and gave a bond, with surety, conditioned for the com-
pletion of the contract within ninety days thereafter,
and containing the usual clause that, if plaintiffs de-

faulted in the performance of the work, the surety "shall be subrogated to all [their] rights and properties as principal in said contract," and shall be entitled to receive all payments then due or thereafter to become due by the city.

Shortly after the issuing and payment of the first warrant for an installment due under the contract, a dispute arose between the partners, and thereupon each gave notice to the city controller that all future warrants must be delivered to him and not to his copartner. On October 4, 1913, a second warrant was issued, and each partner claimed it should be delivered to him and not to the other; but, acting on the advice of the city solicitor, the controller refused to deliver it to either, unless both would receipt therefor, or the court should decide who was entitled to receive it. Neither was willing to execute a joint receipt; but Watson, one of the partners, applied to the court of common pleas for a mandamus to compel the delivery of the warrant to him; his petition was dismissed for reasons not necessary to consider, and no appeal was taken from this order.

Plaintiffs having defaulted in the performance of the contract, the surety undertook its completion, as it was entitled to do; and, by virtue of the authority contained in the bond, received the warrant last referred to (after notice to both the partners), upon giving to defendant the joint receipt of itself and Markee, one of the partners. The surety completed the work at a loss, and final settlement for the entire contract price was properly made by the city with it (Wells to use v. Phila., 270 Pa. 42), with the consent of Markee, one of the partners. No objection was made by Watson at the time or until over four and a half years later, when, on June 26, 1918, the present suit was brought, in the name of the two partners as a firm, plaintiffs claiming that the city's failure to deliver the warrant to either partner so crippled the firm as to compel it to cease work on the contract. Later a receiver was appointed for the part-

nership, and was made use-plaintiff in the action; but since his rights rise no higher than that of the firm (Montgomery v. Cook, 6 Watts 238; M'Kinney v. Mehaffey, 7 W. & S. 276; Guaranty Co. v. Powell, 150 Pa. 18; Com. v. Phila., 193 Pa. 239) he need be considered no further.

At the trial the court charged the jury that if the firm was financially unable to proceed with the work because of the nonpayment of the warrant, plaintiffs were entitled to a verdict for the full value of that which they actually did under the contract, even though the city had acted in good faith in refusing to deliver the warrant.    The jury rendered a verdict for plaintiffs, defendant's motion for judgment non obstante veredicto was dismissed, judgment was entered on the verdict, and the city prosecutes this appeal.

Appellees' contention here is that notwithstanding the notices given by each partner not to pay to the other, the city could have delivered the warrant to either, and his receipt would have been binding upon both and also upon the firm; and hence the city's failure to deliver it was a wrong which made it responsible to plaintiffs for all the consequences flowing therefrom, and entitled them to recover in accordance with the charge of the court.    This conclusion, however, is a non sequitur even though the premises be admitted; for, assuming the city could have safely delivered the warrant to either partner, it by no means follows it should be held responsible because it did not.    It had nothing to do with the disputes of the partners, and was not obliged to decide between them, and by paying to one possibly become a litigant with the other.    As each said the other was not entitled to the warrant, and the city acted in accordance with their notices to that effect, they, and the firm of which they were the only members, are now estopped to assert, even if it be true, that defendant could have safely delivered the warrant to either partner; and hence the city was well within its rights when it said to

1921.]                 Opinion of the Court.

them: "Settle your disputes between yourselves; in the meantime I will hold the warrant until it is decided to whom I should deliver it." Moreover, if this position was not satisfactory to them, either had the right to go at once into court, as later one of them did, and have a receiver appointed for the firm, to whom, as representing both, the city could certainly deliver the warrant with safety, and who could proceed with and complete the contract. This neither partner did; but, on the contrary, knowing the surety was completing the work, and because thereof became entitled to all payments then or thereafter due, they permitted it, without objection, to make these payments to the surety; and then, after over four years, attempt by this suit to compel the payments a second time, alleging, as their only reason for so inequitable a claim, a situation which was wholly of their own making. This, of course, cannot be allowed. Against the surety, plaintiffs had and have a complete remedy, if there is any balance in its hands unaccounted for (McKallip v. Altoona, 265 Pa. 192); and that is now their only remedy.

What has been said above obviates the necessity for considering the other questions raised on this record.

The judgment of the court below is reversed, and judgment is here entered for defendant non obstante veredicto.