## Vamos, to use of Adams, v. Tabachnick.

*Practice Act, 1915—Statement of record of foreign judgment—Affidavit.*

1. Where the plaintiff's cause of action is founded upon the record of a judgment in a court of a sister state, and the copy of the record, attached to, and forming a part of, the statement of claim, shows on its face personal service on the defendants, the statement is not defective, although the copy of the record attached does not contain copies of the promissory notes upon which the action in the sister state was brought.

2. The plaintiff referred to in the 9th section of the Practice Act of 1915 is the legal plaintiff, who alone has the cause of action. Where the affidavit is made by another, his knowledge of the facts should be set forth in accordance with the doctrine of Krajnetz v. Milwaukee Mechanics' Ins. Co., 29 Dist. R. 382; Corosu et al. v. Allegheny River Mining Co., 26 Dist. R. 379, and Savitz v. Massachusetts Bonding and Ins. Co., 26 Dist. R. 505.

*Assumpsit.* Rule to show cause why statement should not be stricken from the record. C. P. Northampton Co., Sept. T., 1921, No. 92.

*Dallett H. Wilson* and *Edmund R. Castellucci*, for plaintiff.

*George R. Booth*, for defendants.

STEWART, P. J., Dec. 5, 1921.—This is a rule to show cause why the statement of claim should not be stricken off. The first reason is that the plaintiff's cause of action is founded on the record of a judgment in a court of New York State, and that the record shows it was based on certain promissory notes, and that the record of the judgment has no copy of the promissory notes attached to the same. That is not necessary. The statement has attached to it a duly certified copy of the record, and it shows personal service on the defendants in that suit. This court will not permit that record to be impeached, as it shows on its face jurisdiction of the defendants, and will not require anything to be added to it. The next reason is that the statement avers that execution was issued on a certain date, and that the record does not set forth copies of the execution and the return thereon. The Practice Act of May 14, 1915, P. L. 483, does not require a copy of every paper to be filed. The 5th section of the Practice Act of 1915 requires that: "Every pleading shall have attached to it copies of all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim or defence, as the case may be." Copies of records when relied on, and only then, are required, except when the court is in the county. The present cause of action depends upon the fact of payment of the judgment by the original defendants, Frank Vamos and wife. If they had paid the plaintiff in the judgment directly without the intervention of the sheriff, it would have been sufficient. The 2nd and 3rd paragraphs refer to the execution and

to the date of payment, and that is sufficient. The third reason is that the statement of claim is not verified as required by the Practice Act of 1915. That act requires that the statement of claim shall be sworn to by the plaintiff or some person having knowledge of the facts. The present suit is brought to the use of Harrington Adams, who is the use-plaintiff. He swears that he is the plaintiff in the foregoing cause of action, and that the facts set forth in the foregoing statement of claim are true and correct to the best of his knowledge, information and belief. It is true that he is the plaintiff, but he is the use-plaintiff and not the legal plaintiff. It is so well understood that the cause of action is in the legal plaintiff, and not in the use-plaintiff, that it is scarcely necessary to cite authorities. In C. H. Hardy Auto Co. *v*. Posey, 50 Pa. Superior Ct. 399, it was said, at page 403, as follows: "The suit being brought in the name of the legal plaintiff, his right alone is in question, and it may be recovered upon or defended against, as the defendant is not permitted to dispute the form of the action as presented by his record. A person for whose use a suit is brought need not show a right in himself; all that is necessary is to show the legal plaintiff's right to recover. This suit being brought in the name of the legal plaintiff, with whom the defendant contracted, the judgment is an adjudication of the controversy: Adams *v*. Edwards, 115 Pa. 211; Guaranty Trust and Safe Deposit Co. *v*. Powell, 150 Pa. 16." In the late case of Markee et al. *v*. Philadelphia, 270 Pa. 337, referring to a receiver who is the same as a beneficial plaintiff, Mr. Justice Simpson said: "Later, a receiver was appointed for the partnership, and was made use-plaintiff in the action; but since his rights rise no higher than that of the firm (Montgomery *v*. Cook, 6 Watts, 238; McKinney *v*. Mehaffey, 7 W. & S. 276; Guaranty Co. *v*. Powell, 150 Pa. 16; Com. *v*. Philadelphia, 193 Pa. 236), he need be considered no further." The Practice Act of 1915 is mandatory. Every judge who has passed on it has so held. The affidavit in the present case is defective. It is not sworn to by the legal plaintiff, who is the one referred to in the 9th section of the act. In him, and him alone, is the cause of action. The use-plaintiff may be in the category that is referred to in the words "or by some person having knowledge of the facts." The language of the act referring to affidavits of defence is identical with that used referring to the affidavit to the statement. When the pleader prepares the new affidavit, our opinion in Krajnetz *v*. Milwaukee Mechanics' Ins. Co., 29 Dist. R. 382, and those of Judge Corbet in Corosu et al. *v*. Allegheny River Mining Co., 26 Dist. R. 379, and Judge Strauss in Savitz *v*. Massachusetts Bonding and Ins. Co., 26 Dist. R. 505, should be studied and followed. The mere averment of expectation of being able to prove facts on the trial should be avoided. Cases which approve of that averment are not approved of. The fourth reason is that the suit is brought to recover from the defendants their proportionate share of the judgment without disclosing what the proportionate share of the defendants is. The 7th paragraph of the statement avers that the *pro rata* share of the co-defendants' debt, paid to the plaintiff in the payment under and by virtue of the said suit and judgment, is, etc. Coupling that averment with the figures given in the prior paragraphs, there is no trouble about the matter, and the legal presumption is that each of the defendants were liable to pay an equal part of the New York judgment. If the fact be otherwise, it is a matter of defence. Because of the defective affidavit, the rule will have to be made absolute.

And now, Dec. 5, 1921, rule is made absolute and statement is stricken from the record. Leave is granted to file a new statement within fifteen days from this date. From Henry D. Maxwell, Easton, Pa.